

*1301 Avenue of the Americas*
*25th Floor*
*New York, NY 10019*

*646.927.5500 main*
*646.927.5599 fax*

August T. Horvath
646-927-5544

June 19, 2020

### Via ECF

Honorable Cathy Seibel, U.S.D.J.
U.S. District Court for the Southern District of New York
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

   Re: *Twohig v. Shop-Rite Supermarkets, Inc.*, Case No. 7:20-cv-00763-CS

Dear Judge Seibel:

  We represent defendant Shop-Rite Supermarkets ("Shop-Rite"), which intends to move to dismiss the Complaint (Dkt. 1) in this matter under Rule 12(b)(6). We write to request a pre-motion conference regarding Shop-Rite's intended motion and briefly state here the grounds for the motion.

**I. The "Vanilla" Labeling Is Not Plausibly Deceptive to Reasonable Consumers**

  Shop-Rite sells organic soy milk under its store brand, Wholesome Pantry. Plaintiff alleges that Shop-Rite, by designating the soy milk with the characterizing flavor "vanilla," is not only making a claim about how the beverage tastes, but also making an implied claim that all of the vanilla taste of the products comes from vanilla bean extract. Dkt. 1 ¶ 101. To prove conduct is materially misleading as required under General Business Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). A court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). Courts in this Circuit dismiss challenges to advertising claims where the challenged marketing claims would not deceive reasonable consumers. *See, e.g., Melendez v. ONE Brands, LLC*, No. 18-cv-6650-CBA (E.D.N.Y. March 16, 2020); *Sarr v. BEF Foods*, No. 18-cv-6409-ARR, 2020 U.S. Dist. LEXIS 25594 (E.D.N.Y. Feb. 13, 2020); *Campbell-Clark v. Blue Diamond Growers*, No. 1:18-cv-5577-WFK (E.D.N.Y. Dec. 17, 2019). This Complaint should be dismissed, as a matter of law, on the basis that no reasonable consumer would interpret the "vanilla" flavor designator on Shop-Rite's soy milk as a claim that all of the product's vanilla taste must come from vanilla bean extract.

Honorable Cathy Seibel, U.S.D.J.
June 19, 2020
Page 2

## II. Plaintiff's Attempt to Enforce His Interpretation of Federal Food Regulations Is Implicitly Preempted

The Complaint is almost entirely concerned with the alleged non-compliance of Shop-Rite's packaging and labeling with the Food, Drug and Cosmetic Act (FDCA). Purported non-compliance with these regulations is proffered as the only basis for the allegation that the soy milk's labeling is purportedly deceptive to consumers. The Complaint is Plaintiff's attempt privately to enforce the FDCA, filed because Plaintiff's counsel believes it has spotted a technical violation of FDA regulations. But Plaintiff is not the FDA, and is neither competent to interpret FDA regulations nor empowered to enforce them.

The right to enforce the FDCA rests exclusively with the Food and Drug Administration. *See* 21 U.S.C. § 337(a); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997) (there can be no private cause of action if a plaintiff's "true goal is to privately enforce alleged violations of the FDCA"); *Verzani v. Costco Wholesale Corp.*, No. 09-cv-2117, 2010 WL 3911499 (S.D.N.Y. Sept. 28, 2010) ("The FDCA lacks a private right of action and therefore [a plaintiff] cannot rely on it for purposes of asserting a state-law consumer claim under G.B.L. § 349"), *aff'd*, 432 Fed. Appx. 29 (2d Cir. 2011). This is a case where "a plaintiff's true purpose is to enforce federal regulations, masquerading as a state-law claim." *In re Trader Joe's Tuna Litig.*, 289 F. Supp. 3d 1074, 1086 (S.D. Cal. 2017) (dismissing New York G.B.L. §§ 349-350 claims). Conclusory allegations aside, no basis other than FDCA non-compliance is alleged for any deception in the labeling of the ice cream products.

## III. Plaintiff's Claims Are Expressly Preempted

Plaintiff not only seeks to enforce FDCA regulations, but also misinterprets those regulations. First, 21 C.F.R. § 101.22(h)(1) provides that any "[s]pice, natural flavor, and artificial flavor may be declared as 'spice,' 'natural flavor,' or 'artificial flavor'" in the statement of ingredients. Because the Product is flavored with natural flavors derived from the vanilla bean, both the principal display panel and ingredient list are compliant with federal regulations. Because Shop-Rite's labeling practices for the Product comply with FDA regulations, Plaintiff's claims attempting to impose labeling requirements not identical to those regulations are expressly preempted. *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 296 (S.D.N.Y. 2018) ("[I]f a product's packaging does not run afoul of federal law governing food labeling, no state law claim for consumer deception will lie.").

## IV. The Court Has No Personal Jurisdiction Over the Out-of-State Class Members and Should Dismiss Their Claims

The Complaint lists one named class representative, a New York resident, but purports to represent a nationwide class and 50 subclasses, all under New York's General Business Law §§ 349-350. Dkt. 1 ¶¶ 129, 135. No representative plaintiff is identified for 49 of the states. Shop-Rite is admitted to be a New Jersey corporation with its principal place of business in New Jersey. *Id.* ¶ 130. No connection between the injuries of the out-of-state class members and this State or District is alleged. Under *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017), a New York court would lack personal jurisdiction over Shop-Rite as to claims brought on behalf of plaintiffs who are neither New York residents nor suffered their alleged injuries in New York.

Courts in this District have ruled that the logic of *Bristol-Myers* applies also to U.S. District Courts adjudicating class actions brought under state laws. *See Gonzalez v. Costco Wholesale Corp.*, No. 16-CV-2590-NGG-JO, 2018 U.S. Dist. LEXIS 171000, at *18 (E.D.N.Y. Sep. 29, 2018).

### V.      Plaintiff Does Not Have Standing to Seek Injunctive Relief

Plaintiff lacks standing to seek preliminary or permanent injunctive relief because he fails to allege any likelihood that he will be deceived in the future by the challenged representations, and thus, fails to demonstrate any likelihood of continuing or future injury. *See Davis*, 297 F. Supp. 3d at 338-339; *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016).

### VI.     The Elements of Fraud, Negligent Misrepresentation, Warranty, and Unjust Enrichment Are Not Pled or Supported with Factual Allegations

Plaintiff's fraud claim should be dismissed because he has not alleged facts that "give rise to a strong inference of fraudulent intent," *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997), by pleading facts to show that Shop-Rite either had "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Plaintiff's negligent misrepresentation claim should be dismissed because, under New York common law, this cause of action requires a special relationship of trust to exist between the parties, and is not applicable to an arm's-length commercial transaction. *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996). Plaintiff's express warranty claim must be dismissed because no expressly false statement, but only implied misrepresentations, are alleged, and because Plaintiff did not provide timely notice of the alleged breach. *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018). His claim for breach of implied warranty of merchantability must be dismissed because there is no allegation that the product is not merchantable and fit for its intended use. The unjust enrichment claim should be dismissed because it is duplicative of the false advertising claims. An unjust enrichment claim is not available where it merely duplicates a contract or tort claim, which has been held to include GBL false-advertising claims. *See Reyes*, 2019 U.S. Dist. LEXIS 125971 at *15 (dismissing unjust enrichment claim that was duplicative of GBL claims); *Weisblum*, 88 F. Supp. 3d at 296-97 (same); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (same).

Respectfully submitted,

August T. Horvath